USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 3/31/2020

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

GARY THOMAS,

                Movant,

-against-

UNITED STATES OF AMERICA,

                Respondent.

19-CV-9756 (AJN)

13-CR-0360-2 (AJN)

ORDER

ALISON J. NATHAN, United States District Judge:

    Mr. Thomas moved for an order directing his previous counsel to produce materials related to his case. Because, both of Mr. Thomas' previous lawyers, Dale Smith and Kye Walker, have represented to the Court that they have produced the entirety of their case files to Mr. Thomas, this motion is denied as moot.

    Furthermore, the Court denies Mr. Thomas' motion for discovery. Discovery on a 2255 habeas petition is only allowed when the movant has shown "good cause." *See* Rule 6(a), Rules Governing Section 2255 Proceedings. Much of what Mr. Thomas seeks is either publicly available or produced in discovery to Mr. Thomas' former counsel who have now in turn produced it to Mr. Thomas. The remainder of Mr. Thomas' discovery requests are either not germane to his claims or unsupported. Mr. Thomas seeks privileged materials from his co-defendants, Mr. Parrilla and Mr. Tang Yuk, particularly with regard to severance. However, Mr. Thomas does not directly challenge the denial of severance in his petition and this privileged material from Mr. Parrilla and Mr. Tang Yuk would not bear on any of his other claims, such as his *Strickland* claim. Mr. Thomas also seeks affirmations from the Government with respect to its surveillance activities pursuant to 18 U.S.C. § 3504. However, the Government represents that it has already complied with all of its discovery obligations, including those under *Brady*,

with respect to surveillance. Therefore, Mr. Thomas' § 3504 demand is denied. *See United States v. Aref*, 285 F. App'x 784, 793 (2d Cir. 2008). Mr. Thomas has not shown the requisite good cause to receive discovery on his 2255 habeas petition. His motion is denied.

Respondent is hereby ordered to mail a copy of this Order to Movant. If it is impracticable for Respondent to mail a copy of this Order, then Respondent should notify the Court within three days of the date of this Order, so the Court can implement an alternative procedure.

SO ORDERED.

Dated: March 31, 2020
        New York, New York

_____
ALISON J. NATHAN
United States District Judge